{¶ 62} I concur with the result reached by the majority on each assignment of error. However, I find it necessary to address the majority's findings on the fourth assignment of error.
 {¶ 63} The trial court awarded attorney fees to the appellee and attributed its authority to R.C. 3105.73(B). The majority agrees, apparently finding that this proceeding arose from a divorce action simply because the grandmother was allowed to join as a party to the Erwins' divorce action. I disagree with this finding.
 {¶ 64} First, I think that the majority has misinterpreted the statute and its application to this action. R.C. 3105.73(B) provides, in pertinent part, as follows:
 In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. (Emphasis added.)
 {¶ 65} The operative language is that which requires that the post-decree motion or proceeding arise as a part and as a consequence of the divorce (or dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding). The majority opinion emphasizes the word "any" in this sentence, apparently finding that if the motion or proceeding arose within the divorce action, it necessarily arose out of the divorce proceedings. In the case sub judice, the *Page 30 
proceedings arise from the death of the father, and the resulting "motion" for visitation by a relative of the deceased father. It did not arise out of the action for divorce or as a consequence of the divorce.
 {¶ 66} This brings me to my second concern, and that is that the action for visitation was joined with the divorce action in the first place. R.C. 3109.11 provides as follows:
 If either the father or mother of an unmarried minor child is deceased, the court of common pleas of the county in which the minor child resides may grant the parents and other relatives of the deceased father or mother reasonable companionship or visitation rights with respect to the minor child during the child's minority if the parent or other relative files a complaint requesting reasonable companionship or visitation rights and if the court determines that the granting of the companionship or visitation rights is in the best interest of the minor child.
(Emphasis added.)
 {¶ 67} This language clearly requires the filing of a complaint to initiate a new action. Here, instead of filing a complaint, the grandmother was permitted to join in a divorce action. I would first observe that the statute does not require a preexisting action for divorce or dissolution as a condition precedent to the filing of a complaint for grandparent/relative visitation rights. Furthermore, I find it absurd that a divorce action would be considered to be ongoing when one of the original parties is deceased. While a trial court would have authority to join an additional party in an active case, this case was final as to all persons, except as to *Page 31 
the original two parties where continuing jurisdiction might have existed, and any such continuing jurisdiction died with the father.
 {¶ 68} However, in this case, the grandmother was previously permitted to join as a party to the divorce case and there was no appeal from that decision, or from the granting of companionship rights. We are therefore bound by the trial court's previous judgment and this action proceeded in the same manner as it would, had a separate action been initiated. Furthermore, the trial court had authority to award attorney fees pursuant to R.C. 3109.051(K), and therefore, any error in the citing of R.C. 3105.73(B) is harmless in this case.
 {¶ 69} Finally, I note that the guardian ad litem's report is not part of the record submitted in this case, and the Clerk of Courts confirms that none was filed in the case. Furthermore, the trial court judge conducted an in camera interview with the child, but asked her no questions about whether she wanted to visit with the grandmother, or if not, why not. It seems to me that, if the appellant was denying the appellee visitation because the child allegedly did not want to go with the appellee, the responses to such questions would be material to the issue before the court. And if such questions are not going to be asked, why interview the child at all? However, I do not find that to be reversible error in this case. *Page 1